IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Adger Smyth, ) | C/A No. 0:13-2735-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| Chuck Wright, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff, Keith Adger Smyth ("Plaintiff"), a self-represented litigant, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC. Plaintiff is a detainee at the Spartanburg County Detention Center ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Amended Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without the issuance and service of process.

**I.    Factual and Procedural Background**

The Complaint alleges that an investigator with the Spartanburg County Sheriff's Department interrogated Plaintiff on December 29, 2010 and February 8, 2011. (ECF No. 1 at 3–4.) Plaintiff asserts that he was sixteen years old and on medication at the time of the interviews. (Id.) Plaintiff further complains that the investigator questioned him without benefit of an attorney and provided false information to procure Plaintiff's signature on a voluntary statement and pre-interrogation waiver form. (Id.) Plaintiff alleges that Defendant Chuck Wright, Sheriff of Spartanburg County, violated Plaintiff's rights by allowing the interrogations. (Id. at 5.) Plaintiff seeks monetary

damages and dismissal of his criminal charges. (Id. at 6.) On October 28, 2013, Plaintiff filed an Amended Complaint, which restates the claims alleged in the original pleading.[1] (ECF No. 8.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S.

---

[1] To give liberal construction to the pleadings, the Complaint (ECF No. 1) has been appended as an attachment to the Amended Complaint (ECF No. 8) for initial review.

[2] Screening pursuant to § 1915A is subject to this standard as well.



at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.    Analysis

The Amended Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In addition, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977).

#### 1.    Individual liability

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a *pro se* complaint, the Unites States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Iqbal, 556 U.S. at 677–78; Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678–79; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 679; Twombly, 550 U.S. at 555. In this case, the Amended Complaint provides no factual allegations to indicate that

Defendant Wright was personally involved in the allegedly improper interrogation of Plaintiff by an investigator. Therefore, Defendant Wright is entitled to summary dismissal from the case for any individual capacity claims alleged by Plaintiff.

### 2. Supervisory liability

A claim based upon the doctrine of *respondeat superior* does not give rise to a § 1983 claim. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–94 (1978). Moreover, "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. In the present action, Plaintiff identifies defendant Wright as a sheriff who allegedly "let his investigator" interrogate Plaintiff outside the presence of an attorney. (ECF No. 8 at 4.) However, Plaintiff provides no factual allegations to show that Defendant Wright was aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiff prior to or during the allegedly improper interrogations. See Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). Therefore, Defendant Wright is also entitled to summary dismissal from this action for any supervisory liability claims asserted by Plaintiff.

### 3. Claim for monetary damages

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712–13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies, instrumentalities and employees. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101–02 (1984); see also Regents of the



University of California v. Doe, 519 U.S. 425, 429 (1997); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (claims against a state employee for actions taken in an official capacity are tantamount to a claim against the state itself).  While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case.[3]  In addition, while a narrow exception to sovereign immunity exists, the Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past."  Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).  In the present case, Plaintiff provides no facts to demonstrate that Defendant Wright acted outside the scope of his official capacity.[4]  Therefore, Plaintiff's claims for damages against Defendant Wright are barred by the Eleventh Amendment.

    **4.**     **Claim for injunctive relief**

In addition to monetary damages, Plaintiff seeks dismissal of his criminal charges. (ECF No. 1 at 6; ECF No. 8 at 5.)  In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances."  Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996).  The Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief.  Younger, 401 U.S. at

---

[3] Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann § 15-78-20(e).

[4] In South Carolina a sheriff, and his deputies, are state actors.  See Cone v. Nettles, 417 S.E.2d 523, 524–25 (S.C. 1992) (citing reasoning of Gulledge v. Smart, 691 F. Supp. 947 (D.S.C. 1988)).  Therefore, a suit against them in federal court in their official capacities is barred by the Eleventh Amendment.  McConnell v. Adams, 829 F.2d 1319, 1328–29 (4th Cir. 1987).



43–44 (citation omitted). From Younger and its progeny, the United States Court of Appeals for the Fourth Circuit, has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

In the present action, Plaintiff indicates that he is detained pending disposition of state criminal charges. As an ongoing state criminal proceeding exists, the first prong of the abstention test is satisfied. The Supreme Court has addressed the second criteria, stating that "the States' interest in administering their [] justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986). In addressing the third criteria, the Court has noted "that ordinarily a pending state [proceeding] provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Kugler v. Helfant, 421 U.S. 117, 124 (1975). Plaintiff can pursue his claims associated with the allegedly improper interrogation in state court both during and after the disposition of his criminal charges. As Plaintiff fails to demonstrate that he has no adequate remedy at law, or that he will suffer irreparable injury if denied his requested relief, see Younger, 401 U.S. at 43–44, the court should abstain from equitably interfering in Plaintiff's state criminal proceedings.

PJG

### III.  Conclusion and Recommendation

For the foregoing reasons, the court recommends that the Amended Complaint be summarily dismissed without prejudice and without issuance and service of process.

                                                                       _____
                                                                       Paige J. Gossett
                                                                       UNITED STATES MAGISTRATE JUDGE

December 5, 2013
Columbia, South Carolina

*The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).