IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Keith Adger Smyth, | ) | Civil Action No.: 0:13-cv-02735-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Chuck Wright, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Keith Adger Smyth, a state pretrial detainee proceeding *pro* se, filed this action alleging violations of his constitutional rights, and seeking damages and dismissal of his criminal charges. The matter is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett.[1] In the R&R, the Magistrate Judge recommends that the Court dismiss Plaintiff's action *without prejudice* and without issuance and service of process for failure to state a claim against Defendant Chuck Wright.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this action in October 2013, Compl., ECF No. 1, and subsequently amended his complaint, Am. Compl. ECF No. 8. He alleges that an investigator for Defendant, who is the sheriff of Spartanburg County, South Carolina, violated his constitutional rights during an interrogation.[2] Am. Compl. 3–4. Accordingly, he seeks $2 million in damages and dismissal of his

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

[2] Because the facts are adequately stated in the Magistrate Judge's R&R, which the Court adopts, the Court need not elaborate on them further.

charges. The Magistrate Judge issued her R&R on December 6, 2013, recommending that the Court dismiss Plaintiff's complaint for failure to state a claim against Defendant. R&R 8, ECF No. 15. Plaintiff filed several documents within the period for filing objections to R&R. Those filings appear to be motions to serve process on Defendant. *See* ECF Nos. 17, 19. Given the Magistrate Judge's recommendation that this action be dismissed without service of process, the Court construes these filings as objections to the R&R.

### STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

The Magistrate Judge recommends dismissing Plaintiff's complaint *without prejudice* for his failure to state a claim against Defendant Wright. Specifically, the Magistrate Judge points to the absence of an allegation in Plaintiff's complaint that Defendant Wright was individually involved in the interrogation, including under a theory of supervisory liability. Furthermore, the Magistrate Judge reports that Eleventh Amendment immunity bars claims for damages against Defendant and that injunctive relief is inappropriate under the doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971). In his objections, Plaintiff continues to assert that Defendant is liable solely because he is the supervisor of the investigator who allegedly violated Plaintiff's constitutional rights. Plaintiff does not address the Magistrate Judge's recommendations regarding Eleventh Amendment immunity and *Younger*. *See* ECF Nos. 17, 19.

The Court may only consider objections to the R&R that direct it to a specific error in the Magistrate Judge's R&R. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *Camby*, 718 F.2d at 199. Plaintiff's objections to not point the Court to any specific error of the Magistrate Judge. However, out of an abundance of caution, the Court reiterates, after a review of Plaintiff's pleadings, that he fails to allege any facts giving rise to claims of individual or supervisory liability against Defendant. *See* R&R 4–5. Furthermore, the Court

3

finds no clear error in the recommendation. As such, the Court finds the Magistrate Judge's recommendation to be proper, and Plaintiff's objections are overruled.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint, the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is **DISMISSED** *without prejudice* and without service of process.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
January 17, 2014